﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201013-118178
DATE: February 26, 2021

ORDER

Entitlement to service connection for decreased visual acuity in the left eye as a result of a left eye injury and corneal scarring is granted.

FINDING OF FACT

The evidence shows that the Veteran has decreased visual acuity in the left eye as a result of corneal scarring, which first manifested during his active duty military service. 

CONCLUSION OF LAW

The criteria for service connection for decreased visual acuity in the left eye as a result of a left eye injury and corneal scarring are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1965 to June 1968. 

This appeal comes to the Board of Veterans’ Appeals (Board) from an April 2020 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) in the modernized review system. See 38 C.F.R. § 3.2400. The decision considered the Veteran’s February 2020 Supplemental Claim for service connection for defective visual acuity claimed as an eye injury. The RO found it received new and relevant evidence in association with the claim and denied the claim on the merits. VA received the Veteran’s Notice of Disagreement with the decision in October 2020, and the Veteran elected to request a direct review of the claim by a Veterans Law Judge based on the evidence of record at the time of the rating decision. 

Service connection is granted on a direct basis when there is competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. 38 U.S.C. § 1110; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d). In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (Court) stated that “a veteran need only demonstrate that there is an ‘approximate balance of positive and negative evidence’ in order to prevail.” To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54). 

The Board finds that all three Shedden elements are met in this case. The Veteran claims he has had decreased visual acuity in the left eye since he was struck in the eye by airborne debris from mine-sweeping operations during his service in Vietnam. See, e.g., August 2009 Statement in Support of Claim. The Veteran’s VA optometrists confirmed that the Veteran had decreased visual acuity in the left eye caused by a corneal scar. They indicated that the scarring was consistent with the Veteran’s claim of a left eye injury dating back to the time of his service. See, e.g., January 2020 treatment records from Boston VA Medical Center, West Roxbury Division. 

The Veteran’s June 1965 Report of Medical History on enlistment shows no reports of eye trouble despite notations of decreased visual acuity (20/30 in the left eye) on the examination report. However, service treatment records from October 1966 show that the Veteran reported blurred vision, and notations of eye trouble are included on a June 1966 Report of Medical History. The Veteran’s June 1968 separation examination confirms that he underwent a decrease in visual acuity during his active duty service as the acuity in the left eye was reduced to 20/40 from the earlier record of 20/30 on entrance. The Board finds this evidence supports the assessment of the Veteran and his VA optometrists that the corneal scarring occurred during service. Accordingly, the Veteran’s claim for entitlement to service connection for decreased visual acuity in the left eye as a result of a left eye injury and corneal scarring is granted.

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Michael Duffy, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.